UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GL MUSIC, INC., a Nevada Corporation,<br><br>Plaintiffs,<br>v.<br><br>43 NORTH BROADWAY LLC, ORCHARD ENTERPRISES NY, INC., 87NORTH PRODUCTIONS, INC., DENTSU ENTERTAINMENT USA, INC., EIGHTY TWO FILMS, INC., ODENKIRK PROVISSEIRO ENTERTAINMENT, INC., PERFECT UNIVERSE INVESTMENT, INC., STUDIO DISTRIBUTION SERVICES LLC, UNIVERSAL PICTURES HOME ENTERTAINMENT LLC, AND JOHN DOES 1 THROUGH 10,<br><br>Defendants. | Docket No.: 7:24-cv-00289-KMK<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff GL MUSIC, INC., ("GL Music"), maintaining its principal place of business at 944 Pinehurst Drive, Las Vegas, Nevada, 89109, by and through undersigned counsel, brings this Complaint and Jury Demand against defendants 43 NORTH BROADWAY LLC ("43 N Broadway"), maintaining its principal place of business at 360 Hamilton Ave., Suite 100, White Plains, New York 10601, ORCHARD ENTERPRISES NY, INC. ("Orchard"), maintaining its principal place of business at 23 East 4th St 3rd Floor, New York, New York, 10003, 87NORTH PRODUCTIONS, INC. ("87North"), maintaining its principal place of business at 606 N. Larchmont Blvd., #4C, Los Angeles, California, 90004, DENTSU ENTERTAINMENT USA, INC. ("Dentsu"), maintaining its principal place of business at 6601 Center Drive West, Suite D, Los Angeles, California, 90045, EIGHTY TWO FILMS, INC. ("Eighty Two"), maintaining its principal place of business at 21700 Oxnard Street, Suite 1770, Woodland Hills, California, 91367, ODENKIRK PROVISSIERO ENTERTAINMENT, INC. ("Odenkirk Provissiero"), maintaining its principal place of business at 1936 N. Bronson Avenue, Los Angeles, California, 90068, PERFECT UNIVERSE INVESTMENT, INC. ("Perfect Universe"), maintaining its principal place of business at 11131 Barman Avenue, Culver City, California 90230, STUDIO

DISTRIBUTION SERVICES LLC ("Studio Distribution"), maintaining its principal place of business at 4000 Warner Blvd., Burbank, California, 91522, UNIVERSAL PICTURES HOME ENTERTAINMENT LLC ("Universal Home Entertainment"), maintaining its principal place of business at 100 Universal City Plaza, Universal City, California, 91608, and defendants John Does No. 1 through 10 (the "Doe Defendants") (collectively, "Defendants") for damages, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff brings this action for, *inter alia*, violations of Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. § 106. Plaintiff maintains that Defendants 43 N Broadway and Orchard, and certain of their officers and/or directors, have falsely claimed ownership of sound recordings belonging to Plaintiff, and have purported to license those sound recordings to third parties. Among those purported licenses was a so-called "master use" license purporting to permit several motion picture producers and distributors to use one of those sound recordings in a 2021 motion picture entitled *Nobody*.

**THE PARTIES**

2. Steve Lawrence ("Steve") and Eydie Gorme ("Eydie") were singers and musical performers active on Broadway, on television and in the record industry from the 1950s through the first decade of the 2000s, who together constituted the Grammy-winning pop duo "Steve and Eydie."

3. Plaintiff GL Music is a Nevada corporation. GL Music owns and manages the musical intellectual property of Steve and Eydie.

4. Upon information and belief, Defendant 43 N Broadway is a New York limited liability company maintaining its principal office in Westchester County, New York.

5. Upon information and belief, Defendant Orchard is a New York corporation maintaining its principal office in New York, New York.

6. Collectively, Defendants 43 N Broadway and Orchard are referred to herein as "the Broadway Defendants").

7. Upon information and belief, Defendant 87North is a Nevada corporation with a principal place of business in California.

8. Upon information and belief, Defendant Dentsu is a California corporation with its principal place of business in California.

9. Upon information and belief, Defendant Eighty Two is a California corporation with its principal place of business in California.

10. Upon information and belief, Defendant Odenkirk Provissiero is a California corporation with its principal place of business in California.

11. Upon information and belief, Defendant Perfect Universe is a Delaware corporation with its principal place of business in California.

12. Collectively, Defendants 87North, Dentsu, Eighty Two, Odenkirk Provissiero, and Perfect Universe will hereinafter be referred to as the "Producer Defendants."

13. Upon information and belief, Defendant Studio Distribution is a Delaware limited liability company with its principal place of business in California.

14. Upon information and belief, Defendant Universal Home Entertainment is a Delaware limited liability company with its principal place of business in California.

15. Collectively, Defendants Studio Distribution and Universal Home Entertainment will hereinafter be referred to as the "Distributor Defendants."

16. Upon information and belief, the Doe Defendants are officers, members, and/or agents of Defendant 43 N Broadway.

**JURISDICTION AND VENUE**

17. This is an action arising under the Copyright Act, 17 U.S.C. §§ 501, *et seq*.

18. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

19. The Broadway Defendants are subject to personal jurisdiction in New York because the Broadway Defendants are incorporated and have their principal places of business in New York.

20. The Producer Defendants and Distributor Defendants are subject to personal jurisdiction in New York pursuant to N.Y. C.P.L.R § 302 because the Producer Defendants and Distributor Defendants entered into licensing transactions with New York entities – the Broadway Defendants – to license one or more sound recordings for the development of a feature film.

21. Venue in this District is proper under 28 U.S.C. § 1400(a) because the defendants reside or may be found in this District.

## <u>STATEMENT OF RELEVANT FACTS</u>

### I. The Works at Issue

A. <u>The Golden Rainbow Masters</u>

22. In 1968, Steve and Eydie starred in a Broadway musical, *Golden Rainbow*. That year, Calendar Records released a cast album from *Golden Rainbow* including, *inter alia*, a sound recording of "I've Gotta Be Me" performed by Steve (the "I've Gotta Be Me Recording").

23. At all times relevant to the claims recited herein, GL Music has been the sole owner of copyright in the Golden Rainbow Masters (defined below).

24. Specifically, Steve and Eydie collectively own the following sound recordings (collectively, the "Golden Rainbow Masters"):

a. Overture;
b. 24 Hours a Day;
c. We got Us;
d. He Needs Me Now;
e. Kid;
f. For Once In Your Life;
g. Taking Care of You;
h. I've Gotta Be Me;
i. Entr'acte;
j. Taste;

k. Desert Moon;

l. All In Fun;

m. It's You Again/He Needs Me Now;

n. Golden Rainbow;

o. How Could I Be So Wrong; and

p. Finale: We Got Us.

25. Pursuant to 17 U.S.C. § 1401, Plaintiff filed schedules of the Golden Rainbow Masters, as sound recordings predating 1972, with the Register of Copyrights on December 26 and 29, 2023.

B. <u>The Columbia Masters</u>

26. In 1962, Steve and Eydie were signed as recording artists to Columbia Records pursuant to a recording agreement (the "Columbia Recording Agreement").

27. Pursuant to the Columbia Recording Agreement Steve and Eydie performed on numerous sound recordings as singers and musicians, and they retained the right to request the return of ownership of any sound recordings they recorded with Columbia Records 25 years after the execution of the recording agreement.

28. In time, Steve and Eydie did in fact request the return of these sound recordings.

29. In or about 1986, Columbia Records returned those sound recordings Steve and Eydie recorded under the Columbia Recording Agreement to Steve and Eydie.

30. Among others, Steve and Eydie collectively own the following sound recordings (collectively, the "Columbia Masters"):

a. The Christmas Song;

b. Happy Holiday;

c. Sleigh Ride;

d. Winter Wonderland;

e. I Want to Be with You;

f. Go Away Little Girl;

g. Have Yourself a Merry Little Christmas;

h. Let it Snow! Let it Snow! Let it Snow!; and

i. That Holiday Feeling.

31. Pursuant to 17 U.S.C. § 1401, Plaintiff filed a schedule of the Columbia Masters, as sound recordings predating 1972, with the Register of Copyrights on December 26, 2023.

## II. **The Broadway Defendants' Infringement**

### A. Purported Ownership of the Columbia and Golden Rainbow Masters

32. In or about 2023, Plaintiff discovered that Defendant 43 N Broadway had asserted to the copyright management organization SoundExchange that Defendant 43 N Broadway owned both the Columbia Masters and the Golden Rainbow Masters, and other masters featuring Steve and/or Eydie.

33. Upon information and belief, one or more of the Doe Defendants knew or should have known that Defendant 43 N Broadway had no right to the Golden Rainbow Masters or the Columbia Masters or any proceeds flowing therefrom.

34. As the result of Defendant 43 N Broadway's false claims to own the Golden Rainbow Masters and the Columbia Masters, Defendant 43 N Broadway has wrongfully received royalty payments from SoundExchange.

35. Additionally, as a result of Plaintiff's and Defendant 43 N Broadway's competing claims of ownership, SoundExchange has refused to pay any royalties to Plaintiff, to whom such royalties rightfully belong.

36. Defendant 43 N Broadway has not provided an accounting of these monies to Plaintiff.

### B. The Unlawful Master Use License

37. In or about 2021, Defendant Orchard, as agent for Defendant 43 N Broadway, purported to grant a "master use" license to NBC and Universal Pictures, purporting to permit the I've Gotta Be Me Recording to be synchronized with the 2021 feature film *Nobody*.

38. The Producer Defendants subsequently provided *Nobody* to distribution partners, the Distributor Defendants.

39. The Distributor Defendants, in turn, distributed and released *Nobody*—including the I've Gotta Be Me Recording—domestically and abroad.

40. The Broadway Defendants do not own the I've Gotta Be Me Recording, and therefore did not have the right to issue a master use license to the Producer and Distributor Defendants.

41. Accordingly, the purported master use license is void and a nullity.

42. Upon information and belief, certain officers or agents of Defendant 43 N Broadway (the Doe Defendants) knew or should have known that the Broadway Defendants had no right to the I've Gotta Be Me Recording, or to retain any proceeds flowing therefrom.

43. In 2021, Plaintiff discovered that the I've Gotta Be Me Recording was contained in *Nobody*. Thereafter Plaintiff, through counsel, contacted the Broadway Defendants.

44. Defendant 43 N Broadway asserted ownership over the I've Gotta Be Me Recording without providing any documentation evidencing such ownership.

45. Upon information and belief, the Broadway Defendants have earned license fees from their purported licensing of the I've Gotta Be Me Recording.

46. The Broadway Defendants have not provided an accounting of those license fees to Plaintiff.

## COUNT 1
## DECLARATORY JUDGMENT – OWNERSHIP OF GOLDEN RAINBOW MASTERS
(*as against Defendant 43 N Broadway*)

47. Plaintiff incorporates the allegations of paragraphs 1-46 of this Complaint as if fully set forth herein.

48. As described in paragraphs 23-25 above, Plaintiff is the rightful and sole owner of the Golden Rainbow Masters, which are sound recordings fixed before February 15, 1972.

49. Plaintiff has filed schedules of the Golden Rainbow Masters with the Register of Copyrights pursuant to 17 U.S.C. § 1401(f)(5).

50. Defendant 43 N Broadway has publicly and falsely claimed that the Broadway Defendants are the owner of the Golden Rainbow Masters.

51. Despite Plaintiff's demands, Defendant 43 N Broadway has continued to act as the purported owner of the Golden Rainbow Masters and has collected royalties and license fees as a result.

52. Since the commencement of the present action, Defendant 43 N Broadway purports to have withdrawn its ownership claims to SoundExchange regarding some, but not all, of the Golden Rainbow Masters.

53. Defendant 43 N Broadway has no interest, copyright or otherwise, in the Golden Rainbow Masters, or any of them.

54. There exists an actual case and active controversy regarding whether Plaintiff or Defendant 43 N Broadway is the rightful and sole owner of the Golden Rainbow Masters.

55. Plaintiff has suffered and continues to suffer actual ongoing injury as a result of the Broadway Defendants' misappropriation of royalty and license fees.

56. Plaintiff's injury is likely to be redressed by a declaration of ownership of the Golden Rainbow Masters.

57. A declaration of ownership of the Golden Rainbow Masters would clarify and settle the respective rights and obligations of the parties.

**COUNT 2**
**DECLARATORY JUDGMENT – OWNERSHIP OF COLUMBIA MASTERS**
(*as against Defendant 43 N Broadway*)

58. Plaintiff incorporates the allegations of paragraphs 1-57 of this Complaint as if fully set forth herein.

59. As described in paragraphs 26-30 above, Plaintiff is the rightful and sole owner of the Columbia Masters, which are sound recordings fixed before February 15, 1972.

60. Plaintiff has filed a schedule of the Columbia Masters with the Register of Copyrights pursuant to 17 U.S.C. § 1401(f)(5).

61. Defendant 43 N Broadway publicly and falsely claims that Defendant 43 N Broadway is the owner of the Columbia Masters.

62. Despite Plaintiff's demands, Defendant 43 N Broadway has continued to act as purported owner of the Columbia Masters and has collected royalties and license fees as a result.

63. Since the commencement of the present action, Defendant 43 N Broadway purports to have withdrawn its ownership claims to SoundExchange regarding some, but not all, of the Columbia Masters.

64. Defendant 43 N Broadway has no interest, copyright or otherwise, in the Columbia Masters.

65. There exists an actual case and active controversy regarding whether Plaintiff or Defendant 43 N Broadway is the rightful and sole owner of the Columbia Masters.

66. Plaintiff has suffered and continues to suffer actual ongoing injury as a result of the Broadway Defendants' misappropriation of royalty and license fees.

67. Plaintiff's injury is likely to be redressed by a declaration of ownership of the Columbia Masters.

68. A declaration of ownership of the Columbia Masters would be useful to clarify and settle the respective rights and obligations of the parties.

**COUNT 3**
**UNJUST ENRICHMENT**
(*as against the Broadway Defendants*)

69. Plaintiff incorporates the allegations of paragraphs 1-68 of this Complaint as if fully set forth herein.

70. The Broadway Defendants have been enriched as a result of receiving certain license fees and royalty payments which are owed to Plaintiff as the rightful and sole owner of the Golden Rainbow Masters and the Columbia Masters.

71. The Broadway Defendants received the license fees and royalty payments at Plaintiff's expense as a result of the Broadway Defendants' false representations that Defendant 43 North Broadway is the owner of the Golden Rainbow Masters and the Columbia Masters.

72. As a result of these false representations, license fees and royalty payments have been directed to the Broadway Defendants, rather than to Plaintiff.

73. It would be against equity and good conscience to permit the Broadway Defendants to retain those license fees and royalty payments.

74. Accordingly, Plaintiff is entitled to damages in an amount to be determined at trial.

**COUNT 4**
**CONVERSION – ROYALTIES**
(*as against the Broadway Defendants*)

75. Plaintiff incorporates the allegations of paragraphs 1-74 of this Complaint as if fully set forth herein.

76. At all times relevant to this action, Plaintiff has been the lawful owner of the Golden Rainbow Masters and the Columbia Masters.

77. Plaintiff is accordingly entitled to immediate possession of the Golden Rainbow Masters and the Columbia Masters and any proceeds which can be derived from the Golden Rainbow Masters and the Columbia Masters.

78. The Broadway Defendants have no right, and have never had any rights, to ownership, use, possession, license, or dominion over the Golden Rainbow Masters or the Columbia Masters or proceeds flowing therefrom.

79. The Broadway Defendants have nevertheless received royalty payments from SoundExchange and/or other sources as a result of their inaccurate representation that Defendant 43 N Broadway is the rightful owner of the Golden Rainbow Masters and the Columbia Masters.

80. The Broadway Defendants have thereafter exercised exclusive possession and dominion over these royalty payments to the exclusion of Plaintiff's superior possessory rights, for the Broadway Defendants' own benefit.

81. Any such royalty payments made to the Broadway Defendants are specific and identifiable.

82. The Broadway Defendants, now and at all relevant times, have intended to retain possession of the royalty payments, have intended to interfere with Plaintiff's possession of the royalty payments, and have intended to exclude Plaintiff from possession of the royalty payments.

83. In 2021, Plaintiff demanded that the Broadway Defendants turn over any such royalty payments and cease collecting other royalties as though Defendant 43 North Broadway was the owner of the Golden Rainbow Masters and the Columbia Masters.

84. The Broadway Defendants refused Plaintiff's demands.

85. The Broadway Defendants therefore continue unlawfully to exercise exclusive dominion over royalty payments arising from the purported licensing of the Golden Rainbow Masters and the Columbia Masters.

86. By reason of the Broadway Defendants' misappropriations, Plaintiff is entitled to damages in an amount to be determined at trial, including punitive damages.

**COUNT 5**
**TORTIOUS INTERFERENCE WITH CONTRACT**
(*as against the Broadway Defendants*)

87. Plaintiff incorporates the allegations of paragraphs 1-86 of this Complaint as if fully set forth herein.

88. Plaintiff has a valid and enforceable existing contractual relationship with SoundExchange, a third-party performing rights organization.

89. The Broadway Defendants knew about this relationship prior to their misrepresentations to Sound Exchange and intentionally interfered with it by representing to SoundExchange that Defendant 43 N Broadway was the owner of the Golden Rainbow Masters and the Columbia Masters.

90. The Broadway Defendants, or one of them, wrongfully, and without justification, interfered with Plaintiff's relationship with SoundExchange by knowingly and falsely misrepresenting to SoundExchange that Defendant 43 N Broadway was the proper owner of the Golden Rainbow Masters and the Columbia Masters.

91. Because of the Broadway Defendants' misrepresentations to SoundExchange, SoundExchange breached its contractual relationship with Plaintiff to pay Plaintiff royalties as the owner of the Golden Rainbow Masters and the Columbia Masters.

92. But for the Broadway Defendants' misrepresentations to SoundExchange, Plaintiff would have continued to collect royalties from SoundExchange as the owner of the Golden Rainbow Masters and the Columbia Masters.

93. As a direct result of the Broadway Defendants' representations to SoundExchange, the Broadway Defendants have collected royalties and other monies which are rightfully owed to Plaintiff.

94. Accordingly, Plaintiff is entitled to damages in an amount to be determined at trial.

**COUNT 6**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT – DAMAGES FOR REPRODUCTION AND DISTRIBUTION OF THE I'VE GOTTA BE ME RECORDING VIA MASTER USE LICENSE**
(*as against the Broadway Defendants*)

95. Plaintiff incorporates the allegations of paragraphs 1-94 of this Complaint as if fully set forth herein.

96. Upon information and belief, the Broadway Defendants, without Plaintiff's authorization or permission, purported to license the I've Gotta Be Me Recording to the Producer Defendants for use in the 2021 film *Nobody*.

97. The Broadway Defendants are not, nor have they ever been, the rightful owners of the I've Gotta Be Me Recording.

98. Accordingly, by purporting to license the use of the I've Gotta Be Me Recording for use in the film *Nobody*, the Broadway Defendants knowingly induced, participated in, and aided and abetted the Producer and Distributor Defendants' infringement (addressed *infra* at Counts 7 and 8 below) and as a result profited from the creation and distribution of *Nobody*.

99. The Broadway Defendants are liable for contributory infringement, and Plaintiff is entitled to the greater of actual damages or statutory damages in an amount to be determined at trial, plus its costs and attorneys' fees pursuant to 17 U.S.C. §505.

**<u>COUNT 7</u>**
**DIRECT COPYRIGHT INFRINGEMENT – DAMAGES FOR REPRODUCTION AND DISTRIBUTION OF INFRINGING WORKS**
(*as against the Producer Defendants*)

100. Plaintiff incorporates the allegations of paragraphs 1-99 of this Complaint as if fully set forth herein.

101. Plaintiff is the rightful owner of the I've Gotta Be Me Recording, which is a sound recording fixed before February 15, 1972.

102. Plaintiff has filed schedules of the Golden Rainbow Masters, including the I've Gotta Be Me Recording, with the Register of Copyrights pursuant to 17 U.S.C. § 1401(f)(5).

103. The Producer Defendants reproduced the I've Gotta Be Me Recording in creating *Nobody*, and caused *Nobody*—including the I've Gotta Be Me Recording—to be distributed and performed publicly without Plaintiff's authorization, in violation of 17 U.S.C. § 106.

104. The Producer Defendants performed the acts alleged in the course and scope of their business activities.

105. Accordingly, the Producer Defendants' creation of *Nobody* including the I've Gotta Be Me Recording, and subsequent distribution to the Distributor Defendants, constitutes infringement under 17 U.S.C. § 504(c) pursuant to 17 U.S.C. § 1401(a), and Plaintiff is entitled to the greater of actual damages or statutory damages in an to be determined at trial, plus Plaintiff's costs and attorneys' fees pursuant to 17 U.S.C. §505.

**<u>COUNT 8</u>**
**DIRECT COPYRIGHT INFRINGEMENT – DAMAGES FOR REPRODUCTION, DISTRIBUTION AND PUBLIC PERFORMANCE OF INFRINGING WORKS**
(*as against the Distributor Defendants*)

106. Plaintiff incorporates the allegations of paragraphs 1-105 of this Complaint as if fully set forth herein.

107. Plaintiff is the rightful owner of the I've Gotta Be Me Recording, which is a sound recording fixed before February 15, 1972.

108. Plaintiff has filed schedules of the Golden Rainbow Masters, including the I've Gotta Be Me Recording, with the Register of Copyrights pursuant to 17 U.S.C. § 1401(f)(5).

109. The Distributor Defendants distributed, and continue to distribute, *Nobody*—including the I've Gotta Be Me Recording—and cause it to be performed publicly without Plaintiff's authorization, in violation of 17 U.S.C. § 106.

110. The Distributor Defendants performed the acts alleged in the course and scope of their business activities.

111. Accordingly, the Distributor Defendants' distribution of *Nobody* throughout the United States and the world constitutes infringement under 17 U.S.C. § 504(c) pursuant to 17 U.S.C. § 1401(a), and Plaintiff is entitled to the greater of actual damages or statutory damages in an to be determined at trial, plus Plaintiff's costs and attorneys' fees pursuant to 17 U.S.C. §505.

**COUNT 9**
**CONTRIBUTORY/VICARIOUS**
**COPYRIGHT INFRINGEMENT – DAMAGES**
(*as against the Doe Defendants*)

112. Plaintiff incorporates the allegations of paragraphs 1-111 of this Complaint as if fully set forth herein.

113. Upon information and belief, certain officers, proprietors and/or agents of Defendant 43 N Broadway (the Doe Defendants), and each of them, knowingly induced, participated in, aided and abetted, and resultantly profited from the illegal reproduction and/or distribution of *Nobody*.

114. Upon information and belief, the Doe Defendants had the right and ability to supervise the infringing conduct and had a direct financial interest in the infringing conduct.

115. By reason of the Doe Defendants' acts, Plaintiff is entitled to damages in an amount to be determined at trial.

116. Plaintiff is entitled to the greater of actual damages or statutory damages in an amount to be determined at trial, plus its costs and attorneys' fees pursuant to 17 U.S.C. §505.

**COUNT 10**
**PERMANENT INJUNCTION**
(*as against the Broadway Defendants*)

117. Plaintiff incorporates the allegations of paragraphs 1-116 of this Complaint as if fully set forth herein.

118. Plaintiff is the rightful and sole owner of the Golden Rainbow Masters and the Columbia Masters.

119. Plaintiff has filed schedules of the Golden Rainbow Masters and the Columbia Masters with the Register of Copyrights pursuant to 17 U.S.C. § 1401(f)(5).

120. The Broadway Defendants copied and/or distributed the Golden Rainbow Masters and the Columbia Masters, or purported to authorize others to do so, without Plaintiff's authorization in violation of 17 U.S.C. § 106.

121. The Broadway Defendants performed the acts alleged in the course and scope of their business activities.

122. As a direct and proximate result of the Broadway Defendants' conduct, Plaintiff has been and continues to be damaged and the harm to Plaintiff is continuing and therefore not wholly compensable by monetary damages.

123. Accordingly, pursuant to 17 U.S.C. § 502, Plaintiff is entitled to permanent injunctive relief barring the Broadway Defendants from continuing to authorize reproduction, distribution and public performance of the Golden Rainbow Masters and the Columbia Masters.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor and against Defendants as follows:

i. On the First Cause of Action, the Court enter an Order declaring that: (1) Plaintiff is the rightful and sole owner of the Golden Rainbow Masters; and (2) Defendant 43 N Broadway is not the owner of, and holds no interest in, the Golden Rainbow Masters;

ii. On the Second Cause of Action, the Court enter an Order declaring that: (1) Plaintiff is the rightful and sole owner of the Columbia Masters; and (2) Defendant 43 N Broadway is not the owner of, and holds no interest in, the Columbia Masters;

iii. On the Third Cause of Action, damages in an amount to be determined at trial;

iv. On the Fourth Cause of Action, damages in an amount to be determined at trial;

v. On the Fifth Cause of Action, damages in an amount to be determined at trial;

vi. On the Sixth Cause of Action, damages in an amount to be determined at trial, consisting of Plaintiff's actual damages and the Broadway Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504, plus attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505;

vii. On the Seventh Cause of Action, damages in an amount to be determined at trial, consisting of Plaintiff's actual damages and the Producer Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504, plus attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505;

viii. On the Eighth Cause of Action, damages in an amount to be determined at trial, consisting of Plaintiff's actual damages and Distributor Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504, plus attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505;

ix. On the Ninth Cause of Action, damages in an amount to be determined at trial, consisting of Plaintiff's actual damages and the Broadway Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504, plus attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505;

x. On the Tenth Cause of Action, entry of an injunction against the Broadway Defendants and the Broadway Defendants' officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, permanently barring them from committing the acts alleged herein in violation of 17 U.S.C. § 106; and

xi. Plaintiff be awarded such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: April 26, 2024

Respectfully submitted,

*/s/ Joshua Graubart*

**ROMANO LAW PLLC**
Joshua Graubart
joshua@romanolaw.com
One Battery Park Plaza
7th Floor
New York, New York 10004
TEL: (212) 865-9848
FAX: (646) 661-4599

*Attorneys for Plaintiff*