**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GL MUSIC, INC., a Nevada Corporation,<br><br>Plaintiff,<br>v.<br><br>43 NORTH BROADWAY LLC, ORCHARD ENTERPRISES NY, INC., 87NORTH PRODUCTIONS, INC., DENTSU ENTERTAINMENT USA, INC., EIGHTY TWO FILMS, INC., ODENKIRK PROVISSEIRO ENTERTAINMENT, INC., PERFECT UNIVERSE INVESTMENT, INC., STUDIO DISTRIBUTION SERVICES LLC, UNIVERSAL PICTURES HOME ENTERTAINMENT LLC, AND JOHN DOES 1 THROUGH 10,<br><br>Defendants. | Case No. 7:24-cv-00289-KMK |

**DEFENDANT STUDIO DISTRIBUTION SERVICES LLC'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Studio Distribution Services LLC ("Studio Distribution"), by and through its undersigned attorneys, respectfully submits the following Answer and Affirmative Defenses to the First Amended Complaint ("Complaint") of Plaintiff GL Music, Inc. ("Plaintiff") as follows:

**SUMMARY OF THE ACTION**[1]

1. Studio Distribution denies that it has violated Plaintiff's exclusive rights under the Copyright Act and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1.

[1] The headings and subheadings in the Complaint do not require a response. Their reproduction in this Answer is solely for convenience and should not be taken as an admission of any fact asserted in any heading or subheading.

## THE PARTIES

2. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 2.

3. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 3.

4. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 4.

5. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 5.

6. Studio Distribution neither admits nor denies Paragraph 6, as it contains an explanatory statement to which no response is required.

7. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12. Studio Distribution neither admits nor denies Paragraph 12, as it contains an explanatory statement to which no response is required.

13. Studio Distribution admits the allegations of Paragraph 13.

14. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

15. Studio Distribution neither admits nor denies Paragraph 15, as it contains an explanatory statement to which no response is required.

16. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

## JURISDICTION AND VENUE

17. Paragraph 17 states a legal conclusion to which no response is required. To the extent that a response is required, Studio Distribution admits that Plaintiff has asserted claims under the Copyright Act but denies any liability.

18. Paragraph 18 states a legal conclusion to which no response is required. To the extent that a response is required, Studio Distribution does not dispute the Court's subject matter jurisdiction at this time.

19. Paragraph 19 states a legal conclusion to which no response is required. To the extent that a response is required, Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 19.

20. Paragraph 20 states a legal conclusion to which no response is required. To the extent that a response is required, Studio Distribution does not dispute personal jurisdiction at this time.

21. Paragraph 21 states a legal conclusion to which no response is required. To the extent that a response is required, Studio Distribution does not dispute that venue in this District is proper at this time.

## STATEMENT OF RELEVANT FACTS

### I. The Works at Issue

A. The Golden Rainbow Masters

22. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 22.

23. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 24.

25. To the extent that Paragraph 25 purports to describe schedules filed with the Register of Copyrights, the schedules themselves are the best evidence of the truth of their contents. Studio Distribution otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 25.

B. The Columbia Masters

26. To the extent that Paragraph 26 purports to describe a recording agreement, the agreement itself is the best evidence of the truth of its contents. Studio Distribution otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27. To the extent that Paragraph 27 purports to describe a recording agreement, the agreement itself is the best evidence of the truth of its contents. Studio Distribution otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 27.

28. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 29.

30. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31. To the extent that Paragraph 31 purports to describe schedules filed with the Register of Copyrights, the schedules themselves are the best evidence of the truth of their contents. Studio Distribution otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

## II. The Broadway Defendants' Infringement

### A. Purported Ownership of the Columbia and Golden Rainbow Masters

32. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 32.

33. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

35. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 35.

36. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 36.

### B. The Unlawful Master Use License

37. To the extent that Paragraph 37 purports to describe a license agreement, the license agreement itself is the best evidence of the truth of its contents. Studio Distribution otherwise

denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 108.

38. The allegations of Paragraph 38 are too vague to allow a response. To the extent a response is required, Studio Distribution denies the allegations of Paragraph 38.

39. Studio Distribution admits that it distributed *Nobody* in the United States and Canada.

40. Paragraph 40 contains legal conclusions to which no response is required. To the extent a response is required, Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

41. Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 41.

42. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 42.

43. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 43.

44. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 44.

45. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 45.

46. Studio Distribution denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 46.

**COUNT 1**
**DECLARATORY JUDGMENT – OWNERSHIP OF GOLDEN RAINBOW MASTERS**
(*as against Defendant 43 N Broadway*)

47. Paragraph 47 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

48. Paragraph 48 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

49. Paragraph 49 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

50. Paragraph 50 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

51. Paragraph 51 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

52. Paragraph 52 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

53. Paragraph 53 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

54. Paragraph 54 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

55. Paragraph 55 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

56. Paragraph 56 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

57. Paragraph 57 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

**COUNT 2**
**DECLARATORY JUDGMENT – OWNERSHIP OF COLUMBIA MASTERS**
(*as against Defendant 43 N Broadway*)

58. Paragraph 58 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

59. Paragraph 59 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

60. Paragraph 60 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

61. Paragraph 61 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

62. Paragraph 62 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

63. Paragraph 63 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

64. Paragraph 64 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

65. Paragraph 65 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

66. Paragraph 66 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

67. Paragraph 67 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

68. Paragraph 68 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

**COUNT 3**
**UNJUST ENRICHMENT**
(*as against the Broadway Defendants*)

69. Paragraph 69 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

70. Paragraph 70 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

71. Paragraph 71 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

72. Paragraph 72 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

73. Paragraph 73 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

74. Paragraph 74 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

**COUNT 4**
**CONVERSION – ROYALTIES**
(*as against the Broadway Defendants*)

75. Paragraph 75 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

76. Paragraph 76 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

77. Paragraph 77 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

78. Paragraph 78 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

79. Paragraph 79 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

80. Paragraph 80 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

81. Paragraph 81 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

82. Paragraph 82 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

83. Paragraph 83 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

84. Paragraph 84 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

85. Paragraph 85 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

86. Paragraph 86 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

**COUNT 5**
**TORTIOUS INTERFERENCE WITH CONTRACT**
(*as against the Broadway Defendants*)

87. Paragraph 87 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

88. Paragraph 88 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

89. Paragraph 89 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

90. Paragraph 90 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

91. Paragraph 91 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

92. Paragraph 92 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

93. Paragraph 93 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

94. Paragraph 94 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

**COUNT 6**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT – DAMAGES FOR REPRODUCTION AND DISTRIBUTION OF THE I'VE GOTTA BE ME RECORDING VIA MASTER USE LICENSE**
(*as against the Broadway Defendants*)

95. Paragraph 95 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

96. Paragraph 96 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

97. Paragraph 97 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

98. Paragraph 98 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

99. Paragraph 99 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

## COUNT 7
## DIRECT COPYRIGHT INFRINGEMENT – DAMAGES FOR REPRODUCTION AND DISTRIBUTION OF INFRINGING WORKS

(*as against the Producer Defendants*)

100. Paragraph 100 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

101. Paragraph 101 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

102. Paragraph 102 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

103. Paragraph 103 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

104. Paragraph 104 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

105. Paragraph 105 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

**COUNT 8**
**DIRECT COPYRIGHT INFRINGEMENT – DAMAGES FOR REPRODUCTION, DISTRIBUTION AND PUBLIC PERFORMANCE OF INFRINGING WORKS**
(*as against the Distributor Defendants*)

106. Studio Distribution repeats and realleges each and every answer to the allegations contained in the paragraphs above as if fully set forth here.

107. Studio Distribution contains legal conclusions to which no response is required. To the extent a response is required, Studio Distribution denies the allegations of Paragraph 107.

108. To the extent that Paragraph 108 purports to describe schedules filed with the Register of Copyrights, the schedules themselves are the best evidence of the truth of their contents. Studio Distribution otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 108.

109. Studio Distribution admits that it distributed and continues to distribute *Nobody* and denies the remaining allegations of Paragraph 109.

110. Paragraph 110 contains legal conclusions to which no response is required. To the extent a response is required, Studio Distribution denies the allegations of Paragraph 110.

111. Studio Distribution denies the allegations of Paragraph 111.

**COUNT 9**
**CONTRIBUTORY/VICARIOUS COPYRIGHT INFRINGEMENT – DAMAGES**
(*as against the Doe Defendants*)

112. Paragraph 112 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

113. Paragraph 113 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

114. Paragraph 114 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

115. Paragraph 115 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

116. Paragraph 116 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

**COUNT 10**
**PERMANENT INJUNCTION**
(*as against the Broadway Defendants*)

117. Paragraph 117 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

118. Paragraph 118 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

119. Paragraph 119 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

120. Paragraph 120 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

121. Paragraph 121 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

122. Paragraph 122 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

123. Paragraph 123 relates specifically to a claim that is not asserted against Studio Distribution. Accordingly, no response is required.

**PRAYER FOR RELIEF**

Studio Distribution denies that any relief against it should be granted.

**JURY DEMAND**

Studio Distribution requests a trial by a jury of twelve as to all issues so triable.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Studio Distribution further pleads the following separate and additional defenses. Studio Distribution's assertion of the following defenses does not shift the burden of proof, and Studio Distribution does not in any way agree or concede that it has the burden of proof or persuasion as to any of these issues. Studio Distribution reserves the right to assert such additional affirmative defenses as discovery indicates are proper.

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Studio Distribution's use of the work is a fair use, and therefore not infringing.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH DEFENSE

Plaintiff's claims for copyright infringement fail, in whole or in part, because any alleged copying is *de minimis* and is not actionable.

### FIFTH DEFENSE

To the extent Plaintiff can establish any liability for copyright infringement, any such infringement by Studio Distribution was innocent.

### SIXTH DEFENSE

Plaintiff's claims and prayer for relief are barred, in whole or in part, by the doctrines of waiver, laches and/or estoppel.

**SEVENTH DEFENSE**

Plaintiff's claims and prayer for relief are barred, in whole or in part, because Plaintiff has not sustained any damages as a result of any act or omission by Studio Distribution or purportedly chargeable to Studio Distribution.

**EIGHTH DEFENSE**

Plaintiff's claims and prayer for relief are barred, in whole or in part, because Plaintiff's damages, if any, are vague, uncertain, imaginary, or speculative.

**NINTH DEFENSE**

To the extent that any loss, injury, or damage occurred as Plaintiff alleges, which Studio Distribution denies, such loss, injury, or damage was proximately caused and contributed to by persons other than Studio Distribution. Such other causation was an intervening and superseding cause of the purported loss, injury, of damage of which Plaintiff complains.

**TENTH DEFENSE**

Plaintiff's requests for damages or other monetary recovery are barred, in whole or in part, because any such recovery would unjustly enrich Plaintiff.

**ELEVENTH DEFENSE**

Without in any way admitting that Studio Distribution's conduct was unlawful or wrongful or that Plaintiff was in any way damaged by any conduct of Studio Distribution, Plaintiff is barred from recovery because of Plaintiff's failure to mitigate or eliminate its damages, if any, and any recovery by Plaintiff in this action should be reduced or denied accordingly.

**<u>RESERVATION OF RIGHTS</u>**

Studio Distribution reserves the right to amend and/or supplement this Answer, including, without limitation, to assert additional applicable defenses.

**WHEREFORE**, Studio Distribution prays for relief and judgment:

A. Denying Plaintiff the relief sought in the Complaint;

B. Dismissing all remaining and operative claims in the Complaint with prejudice;

C. Awarding Studio Distribution costs and expenses, including attorney and expert fees; and

D. Granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: May 17, 2024

JENNER & BLOCK LLP

By: */s/ Andrew H. Bart*

Andrew H. Bart
Rémi Jaffré
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
Phone 212-891-1600
Fax 212-891-1699
abart@jenner.com

Kara V. Brandeisky
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001
Phone 202-639-6000

## **CERTIFICATE OF SERVICE**

I, Andrew H. Bart, an attorney at the law firm of Jenner & Block LLP, certify that on May 17, 2024, the attached Answer and Affirmative Defenses to the First Amended Complaint was electronically served on counsel of record via the Court's CM/ECF system.

*/s/ Andrew H. Bart*

Andrew H. Bart