**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GL MUSIC, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>v.<br><br>43 NORTH BROADWAY LLC, ORCHARD ENTERPRISES NY, INC., 87NORTH PRODUCTIONS, INC., DENTSU ENTERTAINMENT USA, INC., EIGHTY TWO FILMS, INC., ODENKIRK PROVISSEIRO ENTERTAINMENT, INC., PERFECT UNIVERSE INVESTMENT, INC., STUDIO DISTRIBUTION SERVICES LLC, UNIVERSAL PICTURES HOME ENTERTAINMENT LLC, AND JOHN DOES 1 THROUGH 10,<br><br>Defendants. | Case No. 7:24-cv-00289-KMK<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF ORCHARD ENTERPRISES NY, INC.** |

Orchard Enterprises NY, Inc. ("Orchard"), by and through its undersigned attorneys, respectfully submits the following Answer and Affirmative Defenses to the First Amended Complaint ("Complaint") of Plaintiff GL Music, Inc. ("Plaintiff"), dated April 25, 2024 (ECF No. 21), as follows:

**Allegations Related to "Summary of the Action"[1]**

1. Orchard denies that it has violated Plaintiff's rights under the Copyright Act and denies knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 1.

[1] For convenience, this Answer with Affirmative Defenses reproduces the headers of the Amended Complaint. Any reference to these headers should not be taken as an admission of any fact asserted therein.

**Allegations Related to "The Parties"**

2. Orchard admits that Steve Lawrence and Eydie Gorme were singers and otherwise denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2.

3. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3.

4. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4.

5. Orchard admits the allegations in Paragraph 5.

6. Orchard neither admits nor denies the allegations in Paragraph 6, which simply relate to abbreviations used in the Complaint.

7. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7.

8. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8.

9. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9.

10. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 10.

11. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 11.

12. Orchard neither admits nor denies the allegations in Paragraph 12, which simply relate to abbreviations used in the Complaint.

13. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13.

14. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14.

15. Orchard neither admits nor denies the allegations in Paragraph 15, which simply relate to abbreviations used in the Complaint.

16. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 16.

**Allegations Related to "Jurisdiction and Venue"**

17. Paragraph 17 states a legal conclusion to which no response is required. To the extent that a response is required, Orchard admits that Plaintiff has purportedly asserted claims under the Copyright Act, but denies any liability.

18. Paragraph 18 states a legal conclusion to which no response is required. To the extent that a response is required, Orchard does not dispute the Court's subject matter jurisdiction at this time.

19. Paragraph 19 states a legal conclusion to which no response is required. To the extent that a response is required, Orchard does not dispute personal jurisdiction at this time, but otherwise denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 19.

20. Paragraph 20 states a legal conclusion to which no response is required. To the extent that a response is required, Orchard does not dispute personal jurisdiction at this time, but otherwise denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations Paragraph 20.

21. Paragraph 21 states a legal conclusion to which no response is required. To the extent that a response is required, Orchard does not dispute that venue in the U.S. District Court for the Southern District of New York is proper at this time.

**Allegations Related to "Statement of Relevant Facts"**

22. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22.

23. Paragraph 23 states a legal conclusion to which no response is required. To the extent that a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 23.

24. Paragraph 24 states a legal conclusion to which no response is required. To the extent that a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24.

25. To the extent that Paragraph 25 purports to describe schedules filed with the Register of Copyrights, the schedules themselves are the best evidence of their contents. Orchard otherwise denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25.

26. To the extent that Paragraph 26 purports to describe a recording agreement, the agreement itself is the best evidence of its contents. Orchard otherwise denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26.

27. To the extent that Paragraph 27 purports to describe a recording agreement, the agreement itself is the best evidence of its contents. Orchard otherwise denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 27.

28. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 28.

29. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 29.

30. Paragraph 30 states a legal conclusion to which no response is required. To the extent that a response is required, Orchard denies the allegations therein.

31. To the extent that Paragraph 31 purports to describe a schedule filed with the Register of Copyrights, the schedule itself is the best evidence of its contents. Orchard otherwise denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 31.

32. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 32.

33. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 33.

34. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 34.

35. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 35.

36. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 36.

37. Orchard denies the allegations of Paragraph 37.

38. The allegations of Paragraph 38 are too vague to allow a response. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 38.

39. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 39.

40. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 40, except avers that 43 North Broadway, LLC asserts that it has rights in a recording titled I've Gotta Be Me a/k/a I Gotta Be Me.

41. Orchard denies the allegations of Paragraph 41.

42. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 42.

43. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 43.

44. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 44.

45. Orchard admits the allegations in Paragraph 45.

46. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 46.

**Allegations Related to "Count I: Declaratory Judgment – Ownership of Golden Rainbow Masters (As Against Defendant 43 N Broadway)"**

47. Paragraph 47 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard incorporates its responses to Paragraphs 1-46 of this Answer as if fully set for here.

48. Paragraph 48 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 48.

49. Paragraph 49 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Paragraph 49 purports to describe schedules filed with the Register of Copyrights, and the schedules themselves are the best evidence of their contents. Orchard otherwise denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 49.

50. Paragraph 50 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 50.

51. Paragraph 51 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 51.

52. Paragraph 52 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 52.

53. Paragraph 53 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies

knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 53.

54. Paragraph 54 relates specifically to a claim that is not asserted against Orchard and states a legal conclusion. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 54.

55. Paragraph 55 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 55.

56. Paragraph 56 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 56.

57. Paragraph 57 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 57.

**Allegations Related to "Count II: Declaratory Judgment – Ownership of Columbia Masters (As Against Defendant 43 N Broadway)"**

58. Paragraph 58 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard incorporates its responses to Paragraphs 1-57 of this Answer as if fully set for here.

59. Paragraph 59 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 59.

60. Paragraph 60 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Paragraph 60 purports to describe a schedule filed with the Register of Copyrights, and the schedule itself is the best evidence of its contents. Orchard otherwise denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 60.

61. Paragraph 61 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 61.

62. Paragraph 62 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 62.

63. Paragraph 63 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 63.

64. Paragraph 64 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies

knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 64.

65. Paragraph 65 relates specifically to a claim that is not asserted against Orchard and states a legal conclusion. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 65.

66. Paragraph 66 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 66.

67. Paragraph 67 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 67.

68. Paragraph 68 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 68.

**Allegations Related to "Count III: Unjust Enrichment (As Against the Broadway Defendants)"**

69. Orchard repeats and realleges each and every answer to the allegations contained in the Paragraphs 1-68 above as if fully set forth here.

70. Orchard denies allegations of Paragraph 70.

71. Orchard denies the allegations of Paragraph 71.

72. Orchard denies the allegations of Paragraph 72.

73. Orchard denies the allegations of Paragraph 73.

74. Orchard denies the allegations of Paragraph 74.

**Allegations Related to "Count IV: Conversion – Royalties (As Against the Broadway Defendants)"**

75. Orchard repeats and realleges each and every answer to the allegations contained in the Paragraphs 1-74 above as if fully set forth here.

76. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 76.

77. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 77.

78. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 78.

79. Orchard denies the allegations of Paragraph 79.

80. Orchard denies the allegations of Paragraph 80.

81. Orchard denies the allegations of Paragraph 81.

82. Orchard denies the allegations of Paragraph 82.

83. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 83.

84. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 84.

85. Orchard denies the allegations of Paragraph 85.

86. Orchard denies the allegations of Paragraph 86.

**Allegations Related to "Count V: Tortious Interference with Contract (As Against the Broadway Defendants)"**

87. Orchard repeats and realleges each and every answer to the allegations contained in the Paragraphs 1-86 above as if fully set forth here.

88. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 88.

89. Orchard denies the allegations of Paragraph 89.

90. Orchard denies the allegations of Paragraph 90.

91. Orchard denies the allegations of Paragraph 91.

92. Orchard denies the allegations of Paragraph 92.

93. Orchard denies the allegations of Paragraph 93.

94. Orchard denies the allegations of Paragraph 94.

**Allegations Related to "Count VI: Contributory Copyright Infringement – Damages For Reproduction and Distribution of the *I've Gotta Be Me* Recording Via Master Use License (As Against the Broadway Defendants)"**

95. Orchard repeats and realleges each and every answer to the allegations contained in the Paragraphs 1-94 above as if fully set forth here.

96. Orchard denies the allegations of Paragraph 96.

97. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 97, except avers that 43 North Broadway, LLC asserts that it has rights in a recording titled I've Gotta Be Me a/k/a I Gotta Be Me.

98. Orchard denies the allegations of Paragraph 98.

99. Orchard denies the allegations of Paragraph 99.

**Allegations Related to "Count VII: Direct Copyright Infringement – Damages For Reproduction and Distribution of Infringing Works (As Against The Producer Defendants)"**

100. Paragraph 100 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard incorporates its responses to Paragraphs 1-99 of this Answer as if fully set for here.

101. Paragraph 101 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 101.

102. Paragraph 102 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Paragraph 102 purports to describe schedules filed with the Register of Copyrights, and the schedules themselves are the best evidence of their contents. Orchard otherwise denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 102.

103. Paragraph 103 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 103.

104. Paragraph 104 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 104.

105. Paragraph 105 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 105, except denies Plaintiff is entitled to damages for the use of I've Gotta Be Me a/k/a I Gotta Be Me in the production Nobody.

**Allegations Related to "Count VIII: Direct Copyright Infringement – Damages For Reproduction, Distribution and Public Performance of Infringing Works (As Against The Distributor Defendants)"**

106. Paragraph 106 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard incorporates its responses to Paragraphs 1-105 of this Answer as if fully set for here.

107. Paragraph 107 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 107.

108. Paragraph 108 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Paragraph 108 purports to describe schedules filed with the Register of Copyrights, and the schedules themselves are the best evidence of their contents. Orchard otherwise denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 108.

109. Paragraph 109 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 109.

110. Paragraph 110 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 110.

111. Paragraph 111 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 111, except denies Plaintiff is entitled to damages for the use of I've Gotta Be Me a/k/a I Gotta Be Me in the production Nobody.

**Allegations Related to "Count IX: Contributory/Vicarious Copyright Infringement – Damages (As Against The Doe Defendants)"**

112. Paragraph 112 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard incorporates its responses to Paragraphs 1-111 of this Answer as if fully set for here.

113. Paragraph 113 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 113, except denies that the use of I've Gotta Be Me a/k/a I Gotta Be Me in the production Nobody did not violate Plaintiff's rights.

114. Paragraph 114 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 114.

115. Paragraph 115 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies the allegations of Paragraph 115.

116. Paragraph 116 relates specifically to a claim that is not asserted against Orchard. Accordingly, no response is required. To the extent a response is required, Orchard denies the allegations of Paragraph 116.

**Allegations Related to "Count X: Permanent Injunction (As Against the Broadway Defendants)"**

117. Orchard repeats and realleges each and every answer to the allegations contained in the Paragraphs 1-116 above as if fully set forth here.

118. Orchard denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 118.

119. To the extent that Paragraph 119 purports to describe schedules filed with the Register of Copyrights, the schedules themselves are the best evidence of their contents. Orchard otherwise denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 119.

120. Orchard denies the allegations of Paragraph 120.

121. Orchard denies the allegations of Paragraph 121.

122. Orchard denies the allegations of Paragraph 122.

123. Orchard denies the allegations of Paragraph 123.

**Affirmative Defenses**

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Orchard further pleads the following separate and additional defenses. Orchard's assertion of the following defenses does not

shift the burden of proof, and Orchard does not in any way agree or concede that it has the burden of proof or persuasion as to any of these issues. Orchard reserves the right to assert such additional affirmative defenses as discovery indicates are proper.

**First Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**Third Affirmative Defense**

To the extent Plaintiff can establish any liability for copyright infringement, any such infringement by Orchard was innocent.

**Fourth Affirmative Defense**

Plaintiff's claims and prayer for relief are barred, in whole or in part, by the doctrines of waiver, laches and/or estoppel.

**Fifth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any damages as a result of any act or omission by Orchard or purportedly chargeable to Orchard.

**Sixth Affirmative Defense**

Plaintiff's claims and prayer for relief are barred, in whole or in part, because Plaintiff's damages, if any, are vague, uncertain, imaginary, or speculative.

**Seventh Affirmative Defense**

To the extent that any loss, injury, or damage occurred as Plaintiff alleges, which Orchard denies, such loss, injury, or damage was proximately caused and contributed to by persons or

entities other than Orchard. Such other causation was an intervening and superseding cause of the purported loss, injury, of damage of which Plaintiff complains.

**Eighth Affirmative Defense**

Plaintiff's requests for damages or other monetary recovery are barred, in whole or in part, because any such recovery would unjustly enrich Plaintiff.

**Ninth Affirmative Defense**

Without in any way admitting that Orchard's conduct was unlawful or wrongful or that Plaintiff was in any way damaged by any conduct of Orchard, Plaintiff is barred from recovery because of Plaintiff's failure to mitigate or eliminate its damages, if any, and any recovery by Plaintiff in this action should be reduced or denied accordingly.

**Tenth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by applicable statute of limitations.

**Reservation of Rights**

Orchard reserves the right to amend and/or supplement this Answer, including, without limitation, to assert additional applicable defenses.

**WHEREFORE**, Orchard prays for relief and judgment as follows:

A. Denying Plaintiff the relief sought in the Complaint;

B. Dismissing all remaining and operative claims in the Complaint with prejudice;

C. Awarding Orchard costs and expenses, including attorney and expert fees; and

D. Granting such other and further relief as the Court may deem just and proper.

Dated: June 24, 2024
New York, NY

ARENTFOX SCHIFF LLP

*/s/ Brian Farkas*
Brian Farkas
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019
(212) 492-3297
brian.farkas@afslaw.com

*Attorneys for Defendant*
*Orchard Enterprises NY, Inc.*

To: All counsel of record (via ECF)